# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

*VIA CM/ECF and HAND DELIVERY*     June 26, 2023
The Honorable Gregory B. Williams
United State District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

      Re:    *General Electric Company v. LPP Combustion, LLC.*, C.A. No. 22-720-(GBW)

Dear Judge Williams:

      Defendant LPP Combustion, LLC ("LPP") submits this letter respectfully requesting that the Court strike General Electric Company's ("GE") arguments regarding the claim term "Acceptable Range" (Term 8) found in its claim construction sur-reply (D.I. 51 at 61–62). GE's arguments run afoul of both this Court's and the Third Circuit's established law, which holds that arguments raised for the first time in a reply brief are deemed waived.

      The parties in this case recently concluded claim construction briefing on June 14, 2023, with the parties' filing of their joint claim construction brief (D.I. 51). In its sur-reply, GE argues for the first time that indefiniteness is supported by the testimony of its expert, Dr. Lemieux. (D.I. 51 at 62) (characterizing Dr. Lemieux's testimony as "unrebutted"). But GE did not rely on Dr. Lemieux's testimony for Term 8 in its responsive brief. Indeed, its responsive brief did not cite Dr. Lemieux's declaration for any dispute concerning U.S. Patent No. 7,435,080 or U.S. Patent No. 7,934,924—the two asserted patents whose claims include the disputed "acceptable range" language. Accordingly, there was no testimony to rebut concerning Term 8.

      In its responsive brief, GE argues the Asserted Patents (U.S. Patent Nos. 7,435,080 & 7,934,924) do not provide "'objective boundaries" by which a person of ordinary skill in the art could assess what range of values for a given fuel characteristic is 'acceptable.'" *Id.* at 60. In support, GE cites the patents, purporting to demonstrate this alleged lack of "objective boundaries." *See id.* at 60–61. GE also discussed case law it alleges supports its interpretation of the patents. *Id.* at 61. Nowhere in its responsive argument does it cite or even reference its expert, Dr. Lemieux. *See id.* at 60–61. GE's exclusive reliance on Dr. Lemieux relates to issues concerning a different asserted patent. Namely, GE's responsive brief cites extensively to Dr. Lemieux's declaration in support of its arguments concerning Term 1 and Term 2. *Id.* at 19–20 (Term 1), 27 & 30 (Term 2). That GE relied extensively on Dr. Lemieux for other disputes strongly suggests it made an intentional decision not to rely on Dr. Lemieux for Term 8.

      GE shifts theories in its sur-reply brief, dropping its citations to the patents, instead relying entirely on "Dr. Lemieux's unrebutted testimony." *Id.* at 62. GE argues Dr. Lemieux

"clearly show[s] that the 'specification as a whole is bereft of any [] examples" of guidance as to what is considered to be an 'acceptable' range." *Id*. GE concludes LPP's lack of rebuttal to its expert in LPP's reply brief amounts to "acquiescence." *Id*. In reality, there was nothing to rebut. Dr. Lemieux's testimony was not a basis of argument presented in GE's responsive brief to which LPP would be required to reply.

This Court has repeatedly found that arguments raised for the first time in a reply brief are deemed waived and are not to be considered. *See Bd. of Regents v. Boston Sci. Corp.*, C.A. No. 18-392-GBW, 2022 WL 5241931, *3 n.1 (D. Del. Oct. 6, 2022) (Williams, J.) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) and *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) for the proposition that arguments not raised in an opening brief are waived); *Mirtech, Inc. v. Agrofresh, Inc.*, 2023 WL 3996618, *5 n.4 (D. Del. June 14, 2023) ("I, however, determined these arguments in the Sur-Reply brief were waived because the Mir Parties should have raised them in their Answering Brief."). The same holds true at the Federal Circuit and Third Circuit: "Our law is well established that arguments not raised in the opening brief are waived," *SmithKline*, 439 F.3d at 1319; "Raising the issue for the first time in a [sur-]reply brief does not suffice; [sur-]reply briefs reply to arguments made in the [reply] brief—they do not provide the [non-]moving party with a new opportunity to present yet another issue for the court's consideration," *Novosteel*, 284 F.3d at 1273–74; "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that argument . . ." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005); "Ruling that Debtors waived the argument by raising it for the first time in their reply brief was consistent with governing law." *In re Pazzo Pazzo Inc.*, 2022 WL 17690158, *3 (3d Cir. Dec. 15, 2022).

GE raises its arguments relying on Dr. Lemieux's opinions regarding the term "Acceptable Range" for the first time in its Sur-Reply brief. Accordingly, these arguments are deemed waived under the governing law. Furthermore, GE's omission of these arguments, as discussed above, was intentional given GE's reliance on Dr. Lemieux elsewhere in its Responsive brief. Therefore, GE must be deemed to have waived these arguments, not merely forfeited the same. *See United States v. Dowdell*, -- F.4th --, 2023 WL 3771238, *3 (3d Cir. June 2, 2023) (examining the difference between "waiving" an argument and "forfeiting" an argument). Accordingly, LPP respectfully requests that the Court strike GE's Sur-Reply argument regarding the claim term "Acceptable Range" as having been waived for failing to properly raise such arguments in its Responsive Brief.

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)

cc:     All Counsel of Record (via CM/ECF and electronic mail)