

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone

July 3, 2023

**VIA HAND DELIVERY**

The Honorable Gregory B. Williams
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re: *General Electric Company v. LPP Combustion, LLC*, C.A. No. 22-720-GBW

Dear Judge Williams:

      Plaintiff General Electric Company ("GE") responds to the letter brief submitted by Defendant LPP Combustion, LLC ("LPP") on June 26, 2023 asking this Court to strike portions of GE's claim construction arguments. Because LPP cannot allege any "litigation [un]fairness" and because GE did not in fact raise any new argument in its Sur-Reply, LPP's Motion to Strike should be denied. *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002).

      LPP's motion rests on an absurdity—that despite submitting an expert declaration with its opening brief addressing the "acceptable range" term (along with two other terms), GE intended ***not*** to rely on expert testimony for this term, and GE should be precluded from relying on this evidence that LPP has had all along.

      ***GE provided its expert's opinions with its Answering Brief.*** On May 10th, GE served its Answering Brief on LPP. Along with its Answering Brief, GE provided the Expert Declaration of Dr. Patrick Lemieux, Ph.D. ("Lemieux Decl."). *See* D.I. 52-1 (Lemieux Decl.). Dr. Lemieux's declaration specifically stated that he has been engaged by GE "to provide [his] opinions regarding the meaning that certain disputed claim terms of U.S. Patent Nos. 7,770,396 ("the '396 Patent"), 7,435,080 ("the '080 Patent"), and 7,934,924 ("the '924 Patent) would have to persons of ordinary skill in the art." *Id.*, ¶ 1. Dr. Lemieux provided a background discussion on each of the three asserted patents and specifically addressed three of the eleven disputed claim terms: "Diluent Gas" (Term 1); "Inert" (Term 2); and "Acceptable Range" (Term 8). Term 8, the term-at-issue in LPP's letter brief, is the only term from the '080 and '924 Patents for which Dr. Lemieux provided an opinion. While GE's Answering Brief did not include an explicit pin cite to Dr. Lemieux's declaration in its argument section for Term 8, LPP cannot credibly assert that it lacked notice that GE was relying on Dr. Lemieux's testimony for Term 8.

Indeed, it is clear that the substance of Dr. Lemieux's opinions regarding this term was reflected in GE's arguments. The crux of GE's argument is that "acceptable range" as used in the claims of the '080 and '924 Patents is indefinite because (1) it is entirely subjective and (2) there are no objective boundaries or guidance given by the specification by which a POSITA could assess what range of values are "acceptable." D.I 51 at 60. These same points appear in Dr. Lemieux's Declaration. *See* D.I. 52-1 (Lemieux Decl.), ¶¶ 59–63; *id.* ¶ 59 ("What is 'acceptable' depends on a number of factors, including … the opinions of the engineers operating the system"), ¶ 63 ("The specification as a whole is bereft of any such examples [of 'acceptable' ranges]. Instead the individual practitioners are left to decide for themselves what is "acceptable."). Furthermore, both GE and Dr. Lemieux address the examples cited by LPP in its Opening Brief and explain why those examples fail to provide any guidance whatsoever. Simply put, GE's Answering Brief and Dr. Lemieux's declaration make the same arguments regarding the indefiniteness of "acceptable range."

LPP took Dr. Lemieux's deposition on May 30, 2023. *See* D.I. 52-1 (Lemieux Transcript). LPP took less than one-hour total on the record with Dr. Lemieux and had ample opportunity to ask him any questions about his opinions regarding Term 8 or the '080 and '924 Patents.

***LPP's Reply mischaracterized the record.*** LPP filed its Reply Brief the day after it deposed Dr. Lemieux. In its one-paragraph section on "acceptable range," LPP stated that "GE introduced no evidence, *even from its expert*" on whether "a POSITA would not understand how to determine the claimed range due to the patent's lack of guidance." D.I. 51 at 61 (emphasis added).

***GE's Sur-Reply corrects LPP's mischaracterization.*** This statement was, of course, incorrect. GE *did* introduce evidence from its expert on this very point with its opening brief, evidence that LPP had—but deliberately chose to ignore—in its Reply. D.I. 52-1 (Lemieux Decl.), ¶¶ 59–63 GE's Sur-Reply corrects this misstatement, citing Dr. Lemieux's testimony on this point. D.I. 51 at 62.

***GE's Sur-Reply presents no new arguments.*** Contrary to LPP's letter brief, GE did not "shift[] theories in its sur-reply brief" by "dropping its citations to the patents." D.I. 55 at 2. That GE did not provide all of the same citations in its sur-reply given the limited space does not mean GE "dropped" anything. Indeed, LPP's Reply does not cite *any evidence whatsoever*—including the patent citations it included in its opening brief. D.I. 51 at 58–59, 61. By LPP's faulty logic, it has "dropped" those arguments.

The reality is that GE's arguments have not changed in any respect. GE's argues—both in its Answering Brief and its Sur-Reply—that that "acceptable range" is entirely subjective, and the specification provides no objective boundaries or guidance as to the meaning of this term. D.I. 51 at 60–61 (Answering Brief) ("The patents provide no 'objective boundaries' by which a person of ordinary skill in the arts could assess what range of values for a given fuel characteristic is 'acceptable.'"); *id.* at 62 (Sur-Reply) ("Through Dr. Lemieux's unrebutted testimony, GE has clearly shown that the "specification as a whole is bereft of any such examples" of guidance as to what is considered to be an 'acceptable' range."). LPP's Reply incorrectly stated that GE had provided "no evidence" to support the arguments made in its answering brief, and GE responded

The Honorable Gregory B. Williams
July 3, 2023
Page 3

by citing the previously disclosed evidence that supports the arguments in its answering brief. *Id.* at 61–62. The arguments remained unchanged. *Id.*

Accordingly, the cases cited by LPP are inapposite. As each of those cases demonstrate, waiver may be appropriate when *new arguments* are "raised for the first time in reply." *Bd. of Regents v. Bos. Sci. Corp.*, C.A. No. 18-392-GBW, 2022 WL 5241931, at *3 n.1 (D. Del. Oct. 6, 2022); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319–20 (Fed. Cir. 2006). However, as discussed above, GE raised no new arguments. Furthermore, GE's Sur-Reply is entirely appropriate for the reason stated by the Federal Circuit in *Novosteel SA v. U.S., Bethlehem Steel Corp.* that "reply briefs *reply* to arguments made in the response brief." 284 F.3d at 1274 (emphasis original). It was entirely appropriate for GE's Sur-Reply to cite to the previously disclosed Lemieux Declaration to refute LPP's accusation that GE had provided no evidence to support its arguments. D.I. 51 at 60–61.

There is no question that, if GE had tacked on a "*see generally* Lemieux Decl." citation at the end of its Answering Brief on Term 8, LPP would have no basis for a motion. GE's Sur-Reply makes no new arguments and cites no new evidence that was not previously disclosed to LPP. LPP's attempted "gotcha" motion should be denied.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10901120

cc:   Clerk of Court (via hand delivery)
      Counsel of Record (via electronic mail)