IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GENERAL ELECTRIC COMPANY,

    Plaintiff,

v.

LPP COMBUSTION, LLC,

    Defendant.

Civil Action No. 22-720-GBW

## MEMORANDUM ORDER

Pending before the Court is Defendant LPP Combustion, LLC's ("Defendant" or "LPP") Motion for Reconsideration of the Court's Claim Construction Order. D.I. 70. LPP contends that reconsideration is necessary to correct errors of law and fact made by the Court in its construction of the claim term "inert" to mean "reduced oxygen concentration relative to air, and not containing chemically reactive species such as hydrocarbons." *Id.* at 1-2. Plaintiff General Electric Company ("Plaintiff" or "GE") opposes LPP's Motion for Reconsideration. D.I. 72. For the following reasons, LPP's Motion for Reconsideration is DENIED.

### I. LEGAL STANDARD

A motion for reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *See Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019); *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."). It is not an opportunity to "accomplish repetition of arguments that were or

should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). Rather, a motion for reconsideration is permitted to "correct manifest errors of *law* or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

To succeed on a motion for reconsideration, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Pursuant to Local Rule 7.1.5, motions for reconsideration should be granted only "sparingly," and the decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).

## II. ANALYSIS

Following a *Markman* hearing on July 6, 2023, the Court construed the term "inert" as used in U.S. Patent Nos. 7,770,396 (the '396 patent) to mean "reduced oxygen concentration relative to air, and not containing chemically reactive species such as hydrocarbons." D.I. 66 at 12-13. Recognizing that both parties agreed that an "inert" gas cannot contain chemically reactive species, the Court explained that its construction of the term turned on "whether hydrocarbons would qualify" as chemically reactive. *Id.* at 14-15. In reaching this construction, the Court considered, among other things, LPP's citations to the related European prosecution record for Application No. EP03776355.4A (hereinafter, the "'881 patent"), "wherein the Applicant made the same arguments that LPP makes now-that 'inert' is not the same as 'an oxygen content less than ambient air" and that "'inert' is context-specific.'" *Id.* at 13 (citing D.I. 37-3 at 98-99). However, the Court

2

agreed with GE that the examiner "ultimately rejected this argument by noting that "[t]he expressions for inert gas as submitted by the applicant 'Inert in this context' or 'truly inert gas' cannot be considered as a substantial definition for inert gas." *Id.* (citing D.I. 37-3 at GE_DEL_00001 120 (3/17/2014 EP Office Action). As GE notes in response to LPP's Motion for Reconsideration, "[t]his is the only statement from the European examiner . . . on this issue" in the European prosecution records for the '881 patent. D.I. 72 at 7. While LPP now seeks to introduce excerpts of the prosecution of an additional related European patent—EP3078909 ("the '909 patent")—neither party cited nor raised the '909 patent's prosecution history during claim construction. As a motion for reconsideration cannot be used to present evidence that was available when the Court made its decision construing the term "inert," the Court must disregard LPP's reliance on "new evidence" from the '909 patent's prosecution history in ruling on the present Motion. *Max's Seafood*, 176 F.3d at 677.

LPP's remaining arguments in support of its Motion for Reconsideration fare no better as each was presented to the Court during claim construction. For instance, the parties extensively discussed the European prosecution record for the '881 patent during the *Markman* hearing and in their briefing. *See, e.g.*, Hrg. Tr. 54:19–55:8; *id.* at 67:3–68:4, 70:19–25. During this time, LPP repeatedly argued that GE mischaracterized the '881 patent's prosecution record, and the Court's Claim Construction Order rejected this argument and LPP's claims that "inert" was context-specific. *See* D.I. 66 at 13 (highlighting that LPP adopted the Applicant's claim during prosecution"[i]t should be understood that 'inert' is context sensitive ... ambient air is inert with respect to some substances (e.g., diamond) but not others (e.g., hydrocarbon fuels)").[1] Just as a

---

[1] Additionally, LPP concedes that its position regarding the reactivity of hydrocarbons were "laid out in its briefing and arguments . . . ." And LPP's argument that GE's expert, Dr. Lemieux, recognized "that hydrocarbons in low oxygen exhaust gas are not reactive," D.I. 70 at 10, was

3

motion for reconsideration cannot be made to introduce new evidence that was available at the time of the Court's decision, reconsideration cannot be used to "accomplish repetition of arguments that were . . . presented to the court previously." *Karr*, 768 F.Supp. at 1093. LPP's Motion largely runs afoul of this prohibition and is therefore denied.

### III.   CONCLUSION

WHEREFORE, at Wilmington this 22nd day of July 2024, IT IS HEREBY ORDERED that Defendant LPP Combustion, LLC's Motion for Reconsideration of the Court's Claim Construction Order (D.I. 70) is DENIED.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

considered by the Court during the *Markman* hearing. Hrg. Tr. 72:11–12 (arguing that Dr. Lemieux "admits that exhaust gas includes hydrocarbons"); *id.* at 72:23–73:2.