IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>LPP COMBUSTION, LLC,<br>Defendant. | CIVIL ACTION<br>NO. 22-cv-720-GBW<br>**Jury Trial Demanded** |

**JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT**

Defendant and Counterclaim-Plaintiff LPP Combustion, LLC ("LPP") and Plaintiff and Counterclaim-Defendant General Electric Company ("GE"), by and through their undersigned counsel, hereby stipulate and agree that, subject to the approval of the Court, final judgment be entered in favor of GE on GE's claim for noninfringement of U.S. Patent No. 7,770,396, GE's claims for invalidity of U.S. Patent Nos. 7,934,924 and 7,435,080, and LPP's Counterclaims as detailed below, and that all of the remaining claims asserted in this case be dismissed as moot. In support of this stipulation, LPP and GE state as follows:

1. GE commenced this Declaratory Judgment action against LPP alleging non-infringement and invalidity of U.S. Patent Nos. 7,770,396 ("the '396 patent"), 7,934,924 ("the '924 patent"), and 7,435,080 ("the '080 patent") (D.I. 1).

2. LPP filed counterclaims for infringement of certain claims of the '396 patent (First Counterclaim), the '924 patent (Second Counterclaim), and the '080 patent (Third Counterclaim) (D.I. 9).

3. On March 28, 2025, the Court entered an Opinion and Order (D.I. 136 & 137) granting GE's motion for judgment on the pleadings that claims 1-6, 8, 9, 11, 12, 16, 17, and 19

of U.S. Patent No. 7,934,924 (asserted in connection with LPP's Second Counterclaim) and claims 1, 2, 4, 8-10, 12-14, 16, 19, and 20 of U.S. Patent No. 7,435,080 (asserted in connection with LPP's Third Counterclaim) are ineligible under 35 U.S.C. § 101.

4. On September 6, 2023, the Court entered an Opinion and Order (D.I. 66 and 67) construing certain disputed terms in the patents-in-suit, including the term "inert," which is recited in the claims of the '396 patent at issue in this case.

5. On July 22, 2024, the Court entered an Order (D.I. 99) denying LPP's motion for reconsideration of the Court's construction of the term "inert."

6. In view of those opinions and orders, LPP and GE stipulate to entry of final judgment for GE on

- GE's claim of non-infringement of the '396 patent and LPP's counterclaim for infringement of the '396 patent on the basis that the accused GE instrumentalities do not infringe the asserted claims of the '396 patent in view of the Court's construction of the term "inert";
- GE's claim of invalidity of the '924 and '080 patents in view of the Court's holding that the claims of the '924 and '080 patents are directed to ineligible subject matter;
- LPP's counterclaims for infringement of the '924 and '080 patents in view of the Court's holding that the claims of the '924 and '080 patents are directed to ineligible subject matter (since GE cannot be found liable for infringement of an ineligible claim);

Other issues, including construction of other claim terms addressed in the Court's claim-construction order, do not form a basis for the judgment.

7. LPP disagrees with the Court's orders described above (D.I. 66, 67, 99, 136 & 137). In stipulating to said entry of final judgment, LPP expressly reserves the right to seek appellate

review of any appealable orders of this Court including, but not limited to, the right to appeal the Court's claim construction order, the order denying LPP's motion for reconsideration of the claim construction order, and the order granting GE's motion for judgment on the pleadings that the asserted claims of the '924 and '080 patents are ineligible under § 101 to the United States Court of Appeals for the Federal Circuit.

8. Should the Federal Circuit vacate or reverse this Court's construction of the claim term "inert" and remand this case back to this Court for further proceedings, the parties reserve all rights to continue litigating the '396 patent, including all claims, defenses, and counterclaims not foreclosed by any decision on appeal. Similarly, should the Federal Circuit vacate or reverse this Court's order granting GE judgment on the pleadings on the '924 and '080 patent, the parties reserve all rights to continue litigating the '924 and '080 patents, including all claims, defenses, and counterclaims not foreclosed by any decision on appeal.

9. LPP and GE also stipulate to dismiss GE's remaining claims as moot, subject to its right to revive any such claim in the event of a remand from the United States Court of Appeals for the Federal Circuit.

10. The parties shall each bear their own costs and attorneys' fees incurred in this action to date.

Case 1:22-cv-00720-GBW Document 139 Filed 04/29/25 Page 4 of 4 PageID #: 2093

Dated: April 29, 2025

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff General Electric Company*

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

By: /s/ Richard C. Weinblatt
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com

Cortney S. Alexander
(admitted pro hac vice)
KENT & RISLEY LLC
5755 N Point Pkwy, Ste 57
Alpharetta, GA 30022
Telephone: (404) 855-3867
Facsimile: (770) 462-3299
cortneyalexander@kentrisley.com

*Attorneys for Defendant LPP Combustion, LLC*

IT IS SO ORDERED this 1st day of May 2025.

______________________________
The Honorable Gregory B. Williams